Filed 10/15/25  P. v. Carbajal CA2/5
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO HERNANDEZ CARBAJAL,<br><br>    Defendant and Appellant. | B329953<br><br>(Los Angeles County<br>Super. Ct. No. TA056927) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed and remanded with directions.

Jonathan E. Demson; California Appellate Project, Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Alberto Hernandez Carbajal appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6,[1] arguing that the trial court improperly relied upon the preliminary hearing transcript in finding him ineligible for resentencing as a matter of law. We affirm and remand with directions.

# II. BACKGROUND

A. *Underlying Conviction*

On October 3, 2002, the Los Angeles County District Attorney (District Attorney) filed an information charging defendant with murdering Onell Padilla (§ 187, subd. (a); count 1). The District Attorney also alleged that defendant personally and intentionally discharged a firearm which caused great bodily injury or death (§ 12022.53, subd. (d)).

On January 14, 2003, at a change of plea hearing, defendant pleaded guilty to second degree murder, and the District Attorney moved to dismiss the firearm enhancement. The trial court sentenced defendant to 15 years to life in prison.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

The Legislature renumbered section 1170.95 as section 1172.6 effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) For clarity, we will refer to section 1172.6 throughout this opinion.

B.	*Section 1172.6 Proceedings*

On May 2, 2022, defendant filed a form section 1172.6 petition for resentencing, declaring that:  an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or murder under another theory by which malice was imputed to him based solely on his participation in a crime; he accepted a plea offer in lieu of a trial; and he could not be convicted of murder under current law.

On May 11, 2022, the trial court appointed counsel for defendant.

On April 13, 2023, the District Attorney opposed defendant's petition, arguing that defendant was "the actual perpetrator who shot the victim with actual malice" and thus ineligible for resentencing as a matter of law.  The District Attorney attached as exhibits to its response the transcripts from the preliminary hearing and plea and sentencing hearing.

The preliminary hearing transcript included the following testimony:  on July 4, 2000, between 10:50 and 11:00 p.m., a witness saw the victim, Padilla, engage in an altercation with defendant, after which the two men shook hands.

Los Angeles County Sheriff's Department Deputy Martinez responded to the scene of a homicide that day and observed Padilla, who died as a result of multiple gunshot wounds.  The deputy interviewed defendant, who, after being advised of and waiving his *Miranda*[2] rights, admitted that he had engaged in a "short fist fight" with Padilla, which ended when the two shook hands.  But about 10 minutes later, defendant became angry,

---

[2]	*Miranda v. Arizona* (1966) 384 U.S. 436.

pulled out a gun he was carrying, and shot Padilla. He then rode away from the scene on his bike.

The transcript from the change of plea hearing included defendant's stipulation "to a factual basis pursuant to the preliminary hearing transcript[.]"

On April 14, 2023, the trial court denied defendant's petition on the grounds that he had failed to meet his prima facie burden because the preliminary hearing transcript demonstrated that he, as the only defendant charged, was the "lone actor." The court therefore concluded defendant was ineligible for relief as a matter of law. Defendant timely appealed.

On appeal, defendant contended that the trial court improperly relied on evidence presented at his preliminary hearing to find him ineligible for resentencing relief as a matter of law. In our prior opinion, we reversed the trial court's order and remanded the matter for further proceedings pursuant to section 1172.6.

The California Supreme Court granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*). By separate order, we vacated our decision.

In his supplemental briefing to this court, defendant requests that in light of *Patton*, we remand the cause to the superior court with directions for the court to consider an amended petition should defendant, within 30 days of that remand, seek to file one. The Attorney General argues that the judgment should be affirmed but does not oppose a remand on the basis requested by defendant.

4

# III.  DISCUSSION

## A.  *Applicable Law*

"Senate Bill [No.] 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person *who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f) [emphasis added].) Substantively, Senate Bill [No.] 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability.  Senate Bill 1437 also adds . . . section [1172.6], which allows those 'convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . .' (§ [1172.6], subd. (a).)

"An offender may file a petition under section [1172.6] where all three of the following conditions are met:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;]  [¶]  [and] (3) The petitioner could not be convicted of first or second degree

5

murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.' (§ [1172.6], subd. (a)(1)–(3).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

"At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section[s] 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record. [Citation.]" (*People v. Curiel* (2023) 15 Cal.5th 433, 463.) "After determining the facial validity of a resentencing petition and before ordering an evidentiary hearing, a trial court may properly, at the prima facie stage, reference the record of conviction [which includes the preliminary hearing transcript] to ""refut[e]"" ([*People v. ]Lewis* [(2021)] 11 Cal.5th [952,] 971) conclusory allegations in furtherance of its statutorily required screening function at that juncture of a section 1172.6 proceeding." (*Patton, supra*, 17 Cal.5th at p. 569.)

B.    *Analysis*

Here, the trial court did not err when it reviewed the preliminary hearing transcript to determine whether defendant was ineligible for relief. Although defendant has not shown error in connection with the court's denial of his section 1172.6 petition, following the Supreme Court's directive to the Court of Appeal in *Patton,* we will remand the matter to the trial court with directions to consider an amended petition should defendant seek to file one within 30 days of the issuance of the remittitur. (*Patton, supra*, 17 Cal.5th at pp. 569–570; *People v. Glass* (2025) 110 Cal.App.5th 922, 930–931.)

6

## IV. DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed, but remanded to the superior court with directions to consider an amended petition should defendant seek to file one within 30 days of the issuance of the remittitur.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.

7